UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KLEIN ELECTRONICS, INC., a California Corporation,<br><br>               Plaintiff,<br>  vs.<br>BOXWAVE CORPORATION,<br><br>               Defendant. | CASE NO. 10cv2197 WQH (POR)<br><br>ORDER |
|---|---|

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss filed by Defendant Boxwave Corporation. (ECF No. 12).

**I.    Background**

      On October 21, 2010, Plaintiff Klein Electronics, Inc. initiated this action by filing a Complaint. On January 10, 2011, Plaintiff filed an Amended Complaint asserting the following six claim: (1) trademark infringement, (2) trademark dilution, (3) violation of the Lanham Act due to false representation, (4) violation of California Business & Professions Code section 14245 due to infringement, (5) violation of California Business & Professions Code section 17200 et seq. due to unfair competition, and (6) "misappropriation and unjust enrichment." (ECF No. 10). On February 4, 2011, Defendant Boxwave Corporation filed a Motion to Dismiss plaintiff's claims for trademark dilution, violation of California Business & Professions Code section 17200 et seq. due to unfair competition, and "misappropriation and unjust enrichment." (ECF No. 12). On February 28, 2011, Plaintiff filed an Opposition. (ECF

No. 13). On March 8, 2011, Defendant filed a Reply. (ECF No. 15).

## II. Allegations of the Complaint

Plaintiff Klein Electronics, Inc. is the owner of the trademark ARMORCASE issued on October 11, 2010 and the trademark ARMORCASE (+ design) issued on November 1, 2010 which it uses on a variety of electronic devise carrying cases. (ECF No. 1 at ¶¶ 3,6, 8). Plaintiff sells ARMORCASE carrying cases for devises including "two-way radios, cellular phones, mobile phones, and smart phones." *Id*. at ¶ 8. Defendant is the seller of a carrying case for electronic devises including "handheld electronic devices, namely, cellular phones, mobile phones, smart phones, personal digital assistants (PDA), cameras, global positioning systems, and tablet computers" sold as the ARMOR CASE. *Id*. at ¶¶ 7, 9. Defendant began using the ARMOR CASE mark on March 28, 2005, about three years after Plaintiff first used the ARMORCASE mark in July 2002 *Id*. at ¶¶ 9, 13.

## III. Discussion

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). "In sum, for a complaint to survive a motion to

1  dismiss, the non-conclusory factual content, and reasonable inferences from that content, must
2  be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*,
3  572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### A.  Trademark Dilution

Defendant contends that Plaintiff's claim of trademark dilution fails on the grounds that Plaintiff "merely parrots the language of the dilution statute and summarily states the required elements of a dilution claim." (ECF No. 12-1 at 5).

Plaintiff contends that Defendant's Motion to Dismiss "applies fact pleading standards to [Plaintiff's] complaint as opposed to federal notice pleading standards ...." (ECF No. 13 at 2). Plaintiff contends that it is "required to plead only legal conclusions giving rise to a cause of action, and is not required to provide evidence in support of those conclusions in the complaint." *Id*. Plaintiff contends that the complaint alleges that "the parties sell a similar product under almost identical mark[s]"; therefore, the complaint provides fair notice "to defend a claim of trademark infringement and other trademark related causes of action." *Id*. at 4.

The Federal Trademark Dilution Act provides for injunctive relief where plaintiff shows: "(1) its mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the plaintiff's mark became famous; and (4) the defendant's use presents a likelihood of dilution of the distinctive value of the mark." *Perfumebay.com Inc. v. eBay, Inc.*, 506 F.3d 1165, 1180 (9th Cir. 2007) (citing *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999)). "California's dilution cause of action is substantially similar, providing relief if the plaintiff can demonstrate a likelihood of injury to business reputation or of dilution of the distinctive quality of a mark notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." *Id.*; *see also Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998) (holding that a "state law dilution claim is subject to the same analysis as its federal claim.").

Plaintiff alleges that it "has extensively advertised, marketed, manufactured, and

distributed goods under the Mark to dealers and the public throughout the United States and worldwide and as a result has built up substantial goodwill recognition in the Mark." (ECF No. 10 at ¶ 13). Plaintiff alleges that there is a likelihood of confusion in the marketplace between Plaintiff's Mark ARMORCASE and Defendant's mark ARMOR CASE. *Id.* at ¶ 10. "Defendant's use of ARMOR CASE in connection with the advertising, marketing, and selling of its products and services in interstate commerce has caused, and will continue to cause, confusion, blurring, tarnishment, and dilution of the distinctive quality of the ARMORCASE mark in the minds of consumers ...." *Id.* at 25. "Defendant's use of Plaintiff's Mark diminishes the capacity of the Mark and makes it difficult to identify and distinguish the services and goods offered by Plaintiff." *Id.* at 26. "Defendant's use of Plaintiff's Mark has caused a negative association with the Mark ...." *Id.* at 27. "Plaintiff is informed and believes that Defendant has used the ARMOR CASE mark with the willful intent to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's Mark which had become famous prior to the unauthorized use." *Id.* at 28.

Plaintiff's allegations of trademark dilution offer "a formulaic recitation of the elements of a cause of action" which is insufficient to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Plaintiff has alleged no "more than labels and conclusions." *Id.* The Motion to Dismiss Plaintiff's claim for trademark dilution is granted.

### B.  Unfair Competition

Defendant contends that Plaintiff's claim of violation of California Business & Professions Code section 17200 et seq. due to unfair competition seeks the remedy of disgorgement which is not permitted by law. Defendant also contends that Plaintiff's claim of violation of California Business & Professions Code section 17200 et seq. due to unfair competition is barred by the statute of limitations.

Plaintiff contends that even if Plaintiff is not entitled to disgorgement under Plaintiff's claim of violation of California Business & Professions Code section 17200 et seq. due to due to unfair competition, the claim should not be dismissed because Plaintiff has sought other forms of relief. Plaintiff also contends that claim is not barred by the statute of limitations on

the grounds that there was an ongoing injury.

California Business and Professions Code section 17208 provides, "Any action to enforce any cause of action pursuant to [California Business & Professions Code section 17200 et seq.] due shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208; *see also Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc.*, 285 F.3d 848, 857 (9th Cir. 2002) (explaining that the statute of limitations begins to run on the date the injury accrued, not the date the injury was discovered). "[E]ach allegedly infringing display of Defendant's service name on products, advertisements, etc., could create a separate cause of action for unfair competition and trademark infringement." *Suh v. Yang*, 987 F.Supp. 783, 796 (N.D. Cal. 1997).

Plaintiff alleges that Defendant "sells a wide variety of electronic products, including carrying cases for electronic devises." (ECF No. 10 at ¶ 7). Plaintiff alleges that the carrying case "sold as 'ARMOR CASE'" infringes on Plaintiff's trademark. *Id*. "Defendant's use of ARMOR CASE in connection with the advertising, marketing, and selling of its products and services in interstate commerce has caused, and will continue to cause, confusion, blurring, tarnishment, and dilution of the distinctive quality of the ARMORCASE mark in the minds of consumers ...." *Id*. at ¶ 25.

Plaintiff has alleged current trademark infringement by the Defendant. The Court finds that Plaintiff has alleged trademark infringement occurring within the statute of limitations. The Motion to Dismiss Plaintiff's claim of violation of California Business & Professions Code section 17200 et seq. due to unfair competition on the grounds that it is barred by the statute of limitations is denied.

"While the scope of conduct covered by the UCL is broad, its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (Cal. 2003). "Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices." *Id*. (citation omitted). Restitution includes an order "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken ...." *Id*. (citation omitted). Disgorgement is a broader remedy

1 that includes an order compelling "a defendant to surrender all money obtained through an unfair business practice even though not all is to be restored to the persons from whom it was obtained ... [ and includes an order] to surrender ... all profits earned as a result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice." *Id*. (citations omitted). Disgorgement is not an available remedy for an individual action under California's unfair competition law. *Id*. at 1152; *see also Colgan v. Leatherman Tool Group, Inc*., 135 Cal. App. 4th 663, 697 ( 2006).

In Plaintiff's claim of unfair competition, Plaintiff "seeks to have all of the profits which are the product of Defendant's unfair business act or practices disgorged and paid over to Plaintiff, including, but not limited to, the gross sales by Defendant of all products and services offered under the ARMOR CASE mark." (ECF No. 10 at ¶ 50). In Plaintiff's prayer for relief, Plaintiff also seeks: "[o]n all claims for relief, ... an order permanently enjoining Defendant ... from using the ARMORCASE or ARMOR CASE marks ...." *Id*. at 13.

The Court finds that Plaintiff has sought the relief of disgorgement which is unavailable under Plaintiff's claim of violation of California Business & Professions Code section 17200 et seq. due to unfair competition. However, Plaintiff has also sought injunctive relief which is an available remedy. The Motion to Dismiss Plaintiff's claim of violation of California Business & Professions Code section 17200 et seq. due to unfair competition is granted in part; Plaintiff's request for disgorgement is dismissed.

### C. Misappropriation and Unjust Enrichment

Defendant contends that Plaintiff's claim of "misappropriation and unjust enrichment" fails on the grounds that misappropriation is not available for trademark infringement and unjust enrichment is a remedy, not a claim. Defendant also contends that the "misappropriation and unjust enrichment" claim "is rooted in fraud" and fails on the grounds that the claim does not meet the heightened pleading standard required by Federal Rule of Civil Procedure 9.

Plaintiff contends that California law is "split" regarding whether there is a "stand alone" claim of unjust enrichment.

1     "Common law misappropriation is one of a number of doctrines subsumed under the umbrella of unfair competition." *U.S. Golf Ass'n v. Arroyo Software Corp.*, 69 Cal. App. 4th 607, 714 (1999). "It is normally invoked in an effort to protect something of value not otherwise covered by patent or copyright law, trade secret law, breach of confidential relationship, or some other form of unfair competition." *Id*. To state a case for misappropriation, Plaintiff must allege:

> (a) the plaintiff invested substantial time, skill or money in developing its property; (b) the defendant appropriated and used the plaintiff's property at little or no cost to the defendant; (c) the defendant's appropriation and use of the plaintiff's property was without the authorization or consent of the plaintiff; and (d) the plaintiff can establish that it has been injured by the defendant's conduct.

*Id.* In *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788 (9th Cir. 1981), the Ninth Circuit stated:

> [t]he California doctrine of misappropriation prohibits the substantial copying of another's commercial labors even when there is no likelihood of confusion. ... There is no similar substantial taking by [the defendant] in this case. The only 'taking' [the plaintiff] alleges relates to [the defendant's] use of its trademark, and [the plaintiff] cites no cases extending the misappropriation theory to trademark infringement. We believe that California courts would refuse to make such an extension.

*Toho Co., Ltd.*, 645 F.2d at 794; *Bell v. Harley Davidson Motor Co.*, 539 F. Supp. 2d 1249, 1256 (S.D. Cal. 2008) ("Black-letter law holds that California's common-law doctrine of misappropriation does not extend to trademark infringement claims.").

    The Court finds that misappropriation does not extend to trademark infringement. The Motion to Dismiss Plaintiff's misappropriation claim is granted.

    "The state and the federal courts appear to be unclear whether in California a court may recognize a claim for 'unjust enrichment' as a separate cause of action." *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (collecting cases); *see also MB Tech., Inc. v. Oracle Corp.*, No. C09-5988, 2010 WL 1576686, at *4 (N.D. Cal., 2010) ("California courts, as well as the courts in this District, are squarely divided on this point [of whether unjust enrichment is a cause of action].") (collecting cases).

    This Court concludes that unjust enrichment is not a separate claim under California

1  law. *See MB Tech., Inc.*, 2010 WL 1576686, at \*4 ("Of these conflicting interpretations, the
2  better view is that unjust enrichment represents a form of relief rather than an independent
3  claim."); *Johns v. Bayer Corp.*, No. 09cv1935-DMS, 2010 WL 476688, at \*6 n.3 (S.D. Cal.,
4  Feb. 9, 2010) ("While a split of authority appears to exist on this issue, this Court agrees with
5  those courts that conclude unjust enrichment is not a separate claim."); *McBride v. Boughton*,
6  123 Cal. App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action ... or even a
7  remedy, but rather a general principle, underlying various legal doctrines and remedies. It is
8  synonymous with restitution.") (citing *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th
9  779, 793 (2003)); *see also McKell v. Wash. Mut ., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006)
10 ("There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for
11 obtaining restitution based on quasi-contract or imposition of a constructive trust.") (citation
12 omitted). "To plead ... unjust enrichment, a plaintiff must allege a receipt of a benefit and
13 unjust retention of it at the expense of another. A dismissal of the [unjust enrichment] 'claim'
14 will not, in fact, preclude [plaintiff]'s ability to recover on a theory of unjust enrichment,
15 because [plaintiff] could potentially show the existence of these elements in connection with
16 several of its other claims, such as copyright infringement or fraud." *MB Tech., Inc.*, 2010 WL
17 1576686, at \*4 (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)).

18  The Motion to Dismiss the unjust enrichment claim is granted. This ruling will not
19 preclude Plaintiff from seeking to recover on a theory of unjust enrichment in connection with
20 Plaintiff's other claims. *See* (ECF No. 10 at 14) (requesting in the prayer for relief, "Over the
21 12 months immediately following entry of Final Judgment in this action, Defendant shall, as
22 a means of restitution, spend no less than $1 million for national advertising in a variety of
23 media ... designed to correct the effects of dilution and infringing uses of ARMOR CASE[.]");
24 *cf. McBride*, 123 Cal. App. 4th at 387 ("Unjust enrichment is ... synonymous with
25 restitution.").

26 **IV.  Conclusion**

27  IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED
28 IN PART and DENIED IN PART. The Motion is granted as to Plaintiff's second claim of

1  federal trademark dilution in violation of 15 U.S.C. § 1125(c) and Plaintiff's sixth claim of
2  "misappropriation and unjust enrichment." The Motion is also granted as to Plaintiff's request
3  for disgorgement under the claim of unfair competition in violation of California Business &
4  Profession Code section 17200 et seq.   The Motion is denied in all other respects.
5  DATED: June 27, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge